UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY EDWARD WALKER                                                                    PLAINTIFF

V.                                                                                  1:08CV292-NBB-JAD

JIM H. JOHNSON, ET AL.                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

The defendant Harold Chaffin has filed a motion for summary judgment (Doc. 71). The plaintiff has failed to file a response to the motion, though the undersigned has reviewed not only the complaint in this action but the plaintiff's "declaration" in support of his complaint which was filed after the motion (Doc. 85).

Harold Chaffin was until recently the chief of police for the City of Tupelo. The plaintiff's complaint is a compendium of gripes regarding his treatment during more than one stay at the Lee County Jail going back to 2002. He complains of incidents of excessive force, denial of medical care on numerous occasions and denial of his right to practice his religious beliefs. Walker's complaint names Chaffin as a defendant both in his individual and official capacities but fails to make any factual allegations against Chaffin.

A portion of Walker's deposition testimony is attached to the motion for summary judgment. Walker testified that he joined Chaffin in the action because he was arrested inside the City of Tupelo. He said Chaffin had not personally done anything to him. He had no knowledge of Chaffin having been present in the jail. Chaffin had never hit him or abused him. Chaffin had not denied him medical care. No one from the Tupelo Police Department had abused him or denied him medical care. When asked if he knew whether Chaffin had anything to do with the

policies at the jail, he replied, "No. I don't even know if he really has anything to do with the Lee County Jail at all. All I know is I was picked up by the city." He was specifically asked if he was saying that Chaffin had violated his constitutional rights and answered, "No, I'm not."

Given the absence of any factual allegations or proof tying any acts or omissions by Chaffin to Walker's complaints, it is apparent that the individual capacity claim fails. Walker has not stated a claim against Chaffin individually. That Chaffin was the chief of police when Walker was arrested within the city limits of Tupelo provides no basis for any personal liability for whatever may have happened to Walker at the Lee County jail. This is not sufficient to establish simple negligence much less § 1983 liability.

The complaint makes allegations relating to individuals sued in their official capacities which would include Chaffin. It seeks injunctive relief and "an order to the Tupelo Chief of Police … to take immediate actions to provide sufficient medical aid, adequate hygiene items, clean and fresh prison uniforms…." The official capacity claim is in effect a claim against the City of Tupelo. To establish municipal liability under § 1983 a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995). Plaintiff has alleged no facts and provided no proof to indicate that any policy-making officials for the city implemented any official policy that caused his alleged constitutional violations, nor has he offered any evidence that could establish a persistent pattern of conduct by city officials that caused the alleged constitutional violation. Walker has made no showing of any policy or custom of the City of Tupelo, its police department, or any decision or policy by Chaffin. He has not alleged or shown how any policy, custom or decision caused the constitutional violations listed in his complaint.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990). Here there is a complete failure to provide proof to establish any municipal policy or custom or any personal action by Chaffin tying the city or the named defendant to anything that may have happened in the Lee County jail. Chaffin is entitled to a judgment in his favor as a matter of law. Additionally since Walker is not presently housed in the Lee County jail, he is not entitled to injunctive relief in this action. *Beck v Lynaugh*, 842 F.2d 759, 762(5th Cir. 1987); *Cooper v. Sheriff, Lubbock County,* 929 F.2d 1078(5th Cir. 1991).

The undersigned recommends that the complaint be dismissed with prejudice against Harold Chaffin in his individual and official capacities.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 23rd day of March, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE